NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORRAINE FREEMAN, | No. 17-15670 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-01031-BAM |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding

Submitted May 25, 2018**

Before:      TROTT, SILVERMAN, and TALLMAN, Circuit Judges

Lorraine Freeman appeals the district court's decision affirming the

Commissioner of Social Security's denial of Freeman's application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

Social Security Act.  We review a district court's decision to affirm a

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

determination of the Social Security Administration de novo. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). Because we conclude that the Commissioner's determination was supported by substantial evidence and free of legal error, we affirm.

The ALJ gave specific and legitimate reasons for (1) giving "little weight" to Dr. Dhawan's opinion, and (2) only "some weight" to Dr. Singh's opinion. *See id.* at 1012 (requiring specific and legitimate reasons to reject the contradicted opinion of a treating or examining physician). Dr. Dhawan examined Freeman only one time, and both Dr. Dhawan's and Dr. Singh's opinions "contrast[ed] sharply with other evidence of record, particularly the opinion of consultative examiner Dr. Van Kirk." Dr. Van Kirk opined that Freeman "was capable of working at a light exertional level, with postural, manipulative, and environmental limitations." In contrast to the diminished weighting given to Dr. Dhawan and Dr. Singh, the ALJ gave "substantial weight" to Dr. Van Kirk's input. The ALJ explained his evaluative choice as follows: Dr. Van Kirk's "opinion was based upon a thorough, well-documented examination. Additionally, Dr. Van Kirk is Board-certified in orthopedics, which gives his opinion greater weight." *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (explaining that the ALJ may give greater weight to the opinion of a specialist in the relevant field).

Moreover, the ALJ properly discredited Freeman's testimony based on her

2                                                                                                    17-15670

activities, reasonably concluding that even with several accommodations, her ability to maintain a high grade point average in college classes and drive a long distance to campus was inconsistent with the degree of limitations she alleged in her testimony. *See Garrison*, 759 F.3d at 1016 (explaining that the ALJ properly discredits claimant testimony when their activities as actually performed are inconsistent with their testimony regarding their limitations).

Accordingly, the ALJ did not err in either formulating his hypothetical question to the vocational expert, or in determining Freeman's residual functional capacity.

We do not consider any additional contentions that are not specifically and distinctly raised in Freeman's opening brief. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

**AFFIRMED.**